UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 00343 |
| v. ) | |
| ) | MDL No. 2371 |
| UNITED ONLINE, INC., JUNO ONLINE, ) | |
| SERVICES, INC., NETZERO, INC., and ) | Hon. Joan H. Lefkow |
| MEMORY LANE, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Unified Messaging Solutions, LLC ("UMS"), filed a five-count complaint ("the 343 case") against defendants, United Online, Inc.[1], Juno Online Services, Inc., Netzero, Inc., and Memory Lane, Inc. (collectively referred to as "UOL defendants") alleging infringement of United States Patent Nos. 6,857,074; 7,836,141; 7,895,306; 7,895,313; and/or 7,934,148 ("the '148 patent"). The 343 case was reassigned to this court as part of a pending multidistrict litigation ("MDL 2371"), which includes claims by UMS against other defendants alleging infringement of one or all of the asserted patents in the 343 case. Presently before the court is the UOL defendants' motion to deconsolidate the 343 case from MDL 2371. For the reasons stated below, the UOL defendants' motion to deconsolidate is denied.

## BACKGROUND

UMS is the exclusive licensee of the five patents in suit, all of which name Charles Bobo as the sole inventor. The patents share a common specification and stem from a common application filed in April 1995, to which they claim priority. In 2011 and 2012, UMS filed

---

[1] UMS dismissed its claims against United Online, Inc. with prejudice. Dkt. 28.

sixteen lawsuits alleging infringement of the '148 patent in the United States district courts for the Northern District of Illinois, the Eastern District of Missouri, and the Eastern District of Texas. UMS alleged that the defendants infringed the '148 patent by operating websites using a feature that enabled email or email-like communications with customers or users. One of the defendants in those lawsuits, Time Warner Cable Inc., moved for centralization of the pending lawsuit in the Northern District of Illinois pursuant to 28 U.S.C. § 1407.

On August 3, 2012, the United States Judicial Panel for Multidistrict Litigation ("JPML") created MDL 2371 and transferred the lawsuits pending in the Eastern District of Missouri and the Eastern District of Texas to the Northern District of Illinois and assigned all sixteen cases to the undersigned judge for coordination or consolidation of pretrial proceedings. The JPML ruled that centralization was proper:

> [W]e find that these sixteen actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions concern factual questions surrounding the interpretation, validity and enforceability of the '148 patent owned by UMS and relating to webmail or similar communications on defendants' websites. Several of the actions also will share factual questions surrounding the interpretation, validity and enforceability of the remaining four patents in this patent family. We are persuaded that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

MDL 2371, Dkt. 1 at 2.

The parties also notified the JPML of twenty-three related potential "tag-along actions" pending in the United States district courts for the District of Delaware, the Southern District of Florida, the Southern District of New York, the Eastern District of Texas, and the Western District of Texas. On August 16, 2012, the JPML issued a conditional transfer order transferring the "tag-along actions" to the Northern District of Illinois, which were assigned to the

2

undersigned judge. The JPML recited that "[i]t appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Lefkow." MDL 2371, Dkt. 2 at 1.

On September 10, 2012, the court entered an order delineating the rules of procedure for the pending cases and any subsequently filed cases. MDL 2371, Dkt. 16. The order specifically provided that "any related actions subsequently filed in this court . . . are CONSOLIDATED for pretrial purposes." MDL 2371, Dkt. 16 at 1. On September 11, 2012, the court entered an order stating that "[a]ny 'tag-along' actions later filed in, removed to, or transferred to this Court will be consolidated automatically with this action." MDL 2371, Dkt. 12.

On October 19, 2012, the court entered an agreed scheduling order, which required defendants to file certain materials jointly. Namely, the scheduling order limited UMS to asserting no more than 20 claims against defendants and provided that the defendants were limited to asserting no more than eight independent bases of invalidity per asserted claim. The scheduling order also required that defendants file joint claim construction briefs and scheduled a claim construction hearing for May 23, 2013. Because of the number of defendants, the court allowed defendants to file a 50-page opening claim construction brief and a 20-page reply. *See* MDL 2371, Dkt. 329. The scheduling order also largely stayed discovery until after the court's claim construction ruling.

On January 16, 2013, UMS filed the 343 case against the UOL defendants in the Northern District of Illinois.[2] Included with the complaint was an "Affidavit for Multi-District

---

[2] UMS also filed 22 other lawsuits in the Northern District of Illinois against a second wave of defendants, which were also reassigned to this judge as tag-along actions.

Litigation Proceeding" providing that "[t]he potential tag-along action shares common questions of fact and law with each of the cases transferred to MDL 2371" and that "this case includes nearly identical factual allegations and legal claims to those asserted in MDL 2371." 343 Case, Dkt. 4. On January 25, 2013, the Executive Committee for the Northern District of Illinois assigned the 343 case, in addition to the other newly filed cases in the Northern District of Illinois, to the undersigned judge.[3]

## LEGAL STANDARD

The JPML has the power to transfer to a district court "civil actions involving one or more common questions of fact [] pending in different districts . . . for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The "coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation." 28 U.S.C. § 1407(b). The transferee court exercises its discretion in determining whether to consolidate the transferred cases for pretrial purposes. *See In re Bear Creek Tech., Inc., Patent Litig.*, 858 F. Supp. 2d 1375, 1377 (J.P.M.L. 2012); *In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, 598 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009).

## ANALYSIS

The UOL defendants contend that deconsolidation of the 343 case from MDL 2371 for pretrial purposes is warranted because (1) pretrial consolidation violates the UOL defendants'

---

[3] Judicial Panel of Multidistrict Litigation Rule 7.2(a) provides that "[p]otential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules." J.P.M.L. R. 7.2(a). Northern District Local Rule 40.3(6) provides in part that "[w]here a civil case is filed as a potential tag-along action to a multidistrict litigation ('MDL') proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding." N.D. Ill. L.R. 40.3(b)(6).

due process rights; (2) the court failed to address Federal Rule of Civil Procedure 42 when ordering pretrial consolidation; and (3) the pretrial consolidation order violates 35 U.S.C. § 299's prohibition on joinder or consolidation for trial of unrelated defendants alleged to have infringed the same patent or patents in suit. The UOL defendants contend that the JPML transfer order did not mandate consolidation and that, if the 343 case proceeds before this court,[4] it is to be coordinated instead of consolidated for pretrial purposes as a separate and individual action.

I.        **Whether Pretrial Consolidation Violates the UOL Defendants' Due Process Rights**

The UOL defendants argue that the court's consolidation of the 343 case with MDL 2371 violates their substantive and procedural due process rights because the court's scheduling order forces them to engage in joint discovery, joint claim construction briefing, and will result in financial hardship. The UOL defendants further argue that filing a joint claim construction brief deprives them of their right to brief unique issues concerning their allegedly infringing technology.

Substantive due process is "an 'amorphous' concept" and "its scope remains 'very limited.'" *Bettendorf* v. *St. Croix Cnty.*, 631 F.3d 421, 426 (7th Cir. 2011) (quoting *Tun* v. *Whitticker*, 398 F.3d 899, 900 (7th Cir. 2005)). A substantive due process violation occurs where the government acts "without reasonable justification" in a manner that "'shocks the conscience.'" *Tun*, 398 F.3d at 902 (quoting *Rochin* v. *California*, 342 U.S. 165, 172, 72 S. Ct. 205, 96 L. Ed. 2d 183 (1952)). Procedural due process guarantees "an 'opportunity to be heard . . . 'granted at a meaningful time and in a meaningful manner.'" *Bettendorf*, 631 F.3d at

---

[4] The UOL defendants have also filed a motion for transfer of venue and motion to dismiss, the briefing of which is stayed pending resolution of the present motion for deconsolidation.

5

427 (quoting *Parratt* v. *Taylor*, 451 U.S. 527, 540, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). This right is "flexible, requiring different procedural protections depending upon the situation at hand." *Doyle* v. *Camelot Care Centers, Inc.*, 305 F.3d 603, 618 (7th Cir. 2002).

The UOL defendants were part of a second wave of filings by UMS. The UOL defendants reference the court's October 12, 2012 scheduling order to substantiate their due process arguments. This scheduling order does not pertain to the UOL defendants because the court has not yet entered a scheduling order for the second wave defendants. Additionally, the UOL defendants failed to articulate how the court's pretrial management runs afoul of substantive or procedural due process given the leeway that the initial scheduling order provides. The court allowed defendants to collectively submit eight invalidity contentions per asserted claim giving all of the defendants an adequate opportunity to challenge UMS's infringement positions. In addition, the court allowed defendants to file oversized claim construction briefs by allowing them 50 pages for the opening brief and 20 pages for a reply. *See* N.D. Ill. L.P.R. 4.2 (a); (d) (limiting opening claim construction briefs to 25 pages and reply briefs to 15 pages). The UOL defendants' due process arguments with regard to the joint discovery schedule boils down to their displeasure with having to collaboratively work with other defendants. This displeasure, however, does not equate to a due process violation.

The UOL defendants additionally argue that having one claim construction hearing per wave of defendants precludes them from raising unique issues regarding their individual technologies. A claim construction inquiry focuses on intrinsic evidence, namely the patent itself, including the claims, specification, and prosecution history. *See Bell Atl. Network Servs., Inc.* v. *Covad Comm'n Grp., Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001); *see also Pall Corp.* v.

6

*Hemasure, Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999) (holding that "[a]nalysis of patent infringement starts with 'construction' of the claim, whereby the court establishes the scope and limits of the claim, interprets any technical or other terms whose meaning is at issue, and thereby defines the claim with greater precision than had the patentee"). Although "it is appropriate for a court to consider the accused device when determining what aspect of the claim should be construed," *Exigent Tech., Inc.* v. *Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 n.10 (Fed. Cir. 2006), the UOL defendants' accused infringing products do not dictate the meaning of the asserted claims and there is no need for them to file separate claim construction briefs that focus on individualized aspects of their technology. *See Cohesive Techs., Inc.* v. *Waters Corp.*, 543 F.3d 1351, 1367 (Fed. Cir. 2008) (a court construes a claim "in the light of the claim language . . . not in light of the accused device") (internal quotations marks omitted). The UOL defendants, like all other defendants, will have the opportunity to present their claim construction arguments to the court. That the UOL defendants must collaborate with other defendants on discovery issues and claim construction does not infringe upon their ability to mount a defense and thus does not give rise to any due process violations.

## II. Whether Pre-Trial Consolidation Was Proper Under Federal Rule of Civil Procedure 42

The UOL defendants argue that the court failed to comply with Federal Rule of Civil Procedure 42 by ordering pretrial consolidation for tag-along actions that had not yet been filed. The UOL defendants argue that (1) the court failed to determine whether common questions of fact existed before consolidating their case with other cases pending in MDL 2371; and (2) consolidation of unrelated defendants based on alleged acts of infringement of the same patents is improper.

Rule 42 allows a court to consolidate "actions involving a common question of law or fact that are pending before the court." *United States for Use of Owens-Corning Fiberglass Corp.* v. *Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (internal quotation marks omitted); *see also Robbins* v. *Pepsi-Cola Met. Bottling Co.*, No. 84 C 170, 1985 WL 5130, at *5 n.4 (N.D. Ill. Dec. 26, 1985) ("Rule 42(a) allows consolidation of trial or pretrial proceedings, or both."). Courts enjoy broad discretion in determining whether to consolidate cases. *See Blue Cross Blue Shield of Mass., Inc.* v. *BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011). Consolidation is proper where no undue prejudice exists as to any party and it will promote judicial efficiency and prevent inconsistent rulings. *Pochert* v. *Blass, Hasenmiller, Leibsker & Moore, LLC*, No. 11 C 2440, 2011 WL 4007731, at *3 (quoting *Blair* v. *Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.")).

The UOL defendants argue that the JPML did not mandate pretrial consolidation and that this court's order doing so violated Rule 42 because the court did not examine the existence of any common question of fact before consolidating the 343 case with MDL 2371. While the

JPML ultimately left the decision regarding pretrial consolidation with this court, its finding of common questions of fact between the transferred actions provided the court with a sufficient basis to order pretrial consolidation of the transferred actions.[5] The JPML found that the sixteen then-pending cases raised factual questions surrounding the interpretation, validity and enforceability of the asserted patents in suit and that centralization would eliminate duplicative discovery and inconsistent pretrial rulings particularly with regard to claim construction. The 343 is a tag-along action and, as such, it also shared the same questions of fact with the other pending actions that were part of MDL 2371. *See* J.P.M.L. R.1.1(h) (defining a "tag-along action" as "a civil action pending in district court which involves common questions of fact with . . . actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407").

The JPML's finding of common questions of fact concerning the initial sixteen transferred actions is applicable to the 343 case and sufficient to satisfy Rule 42. The 343 case will raise the same questions regarding the interpretation, validity, and enforceability of the patents in suit. As explained *supra* in section I, pretrial consolidation will conserve judicial resources and prevent inconsistent rulings, namely with regard to claim construction, and any prejudice resulting from defendants' required collaboration on pretrial discovery and claim construction does not outweigh the efficiencies of pretrial consolidation. *Cf.* N.D. Ill. L.R. 40.4(a); (b) (permitting reassignment of related cases before a single judge where cases involve

---

[5] Neither side addresses whether a transferee court need conduct a Rule 42 analysis after the JPML rules that common questions of fact exist warranting pretrial centralization. Indeed, the JPML employed this same analysis before finding that centralization was proper. *See*, *e.g.*, *In re CVS Caremark Corp. Wage & Hour Employment Pracs., Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) ("[W]e do not rubber stamp in any docket . . .") (internal quotation marks omitted).

the same issues of fact to promote the saving of judicial time and effort); *see also In re Gen. Motors Corp. Engine Interchange Litig.*, 441 F. Supp. 933, 935 (J.P.M.L. 1977) ("[A] single judge with an overall perspective of [the tag-along actions] and the previously transferred actions will be in the best position to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary."); Manual for Complex Litigation, § 20.132, at 222 (4th ed. 2004) (noting that "[o]rdinarily it is advisable [for the transferee court] to order that [] tag-along actions [] be automatically made part of the centralized proceedings upon transfer to, or filing in, the transferee court"). The individualized inquiry proposed by the UOL defendants would subvert the uniformity and consistency in rulings that the JPML intended to achieve.

The UOL defendants further argue that the differences in the alleged infringing technologies belie the existence of any common issues of fact. The UOL defendants rely on patent cases interpreting Rule 20(a)(2)'s provision regarding joinder, which contains a similar requirement that a "common question of law or fact" exist before defendants can be joined together, and argue that consolidation of unrelated defendants based on alleged independent acts of infringement is improper.[6] In *Wiav Networks, LLC* v. *3Com Corp.*, No. C 10-03448, 2010 WL 3895047, at **2–4 (N.D. Cal. Oct. 1, 2010), the court dismissed all but one of the twelve remaining defendants rejecting the plaintiff's argument that infringing the same patents warranted joinder. Similarly, in *EIT Holdings LLC* v. *Yelp!, Inc.*, No. C 10-05623, 2011 WL

---

[6] Rule 20(a)(2) provides in relevant part that "[p]ersons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

10

2192820, at **1–2 (N.D. Cal. May 12, 2011), the court ruled that joinder was improper where the only link between the defendants was that the plaintiff alleged that they all infringed the same two patent claims.

The UOL defendants' reliance on these cases is unavailing. The test for joinder under Rule 20 is more stringent than that for pretrial consolidation under Rule 42. In *Wiav Networks* and *EIT Holdings*, the court relied on the first prong of Rule 20(a)(2)(A) to find that allegations of infringement against unrelated defendants did not arise out of the same transaction or occurrence. Rule 42(a)'s test for consolidation does not contain this prong and only requires that a common question of fact exist. Indeed, the JPML has found centralization proper where different products allegedly infringe the same patent. *Compare In re Bear Creek Techs., Patent Litig.*, 858 F. Supp. 2d at 1379 ("The Panel has often centralized litigation involving different products which allegedly infringe a common patent or patents."); *with ThermaPure, Inc.* v. *Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 20, 2010) ("Courts in this district, however, have consistently held that Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark.").

The 343 case will ultimately be remanded to its transferor court where the UOL defendants can raise individual infringement positions and defenses at trial. This reality further distinguishes the current multidistrict litigation from a scenario where a court joins multiple defendants together for all proceedings including trial. *See In re Body Science LLC Patent Litig.*, 883 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012) ("To address any unique facts surrounding each defendant's alleged infringement . . . the transferee judge may find 'prompt remand after the

11

common claims are construed and summary judgment addressed on certain common invalidity grounds' to be appropriate.") (quoting *In re Maxim Integrated Patent Litig.*, 867 F. Supp. 2d 1333, 1334–35 (J.P.M.L. 2012)). Accordingly, Rule 42 does not require the court to deconsolidate the 343 case from MDL 2371 for pretrial purposes.[7]

### III. Whether Pretrial Consolidation Is Inconsistent with 35 U.S.C. § 299

The UOL defendants last argue that the court's decision to order pretrial consolidation violates 35 U.S.C. § 299's prohibition on joining or consolidating for trial unrelated defendants based on allegations of infringement of the same patent. Section 299, enacted as part of the America Invents Act, details when joinder of accused infringers is proper:

> [P]arties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if- -
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

---

[7] In *Body Science LLC* v. *Boston Scientific Corporation*, 846 F. Supp. 2d 980, 990 (N.D. Ill. 2012), upon which the UOL defendants also rely, the plaintiff filed suit against five different companies alleging infringement of the same patents. The court severed the five defendants from the single action and ruled that consolidation was improper even while acknowledging that common questions of fact existed because the defendants were different companies that allegedly infringed the patents with over 76 accused products. *Id*. The court found that consolidation would not further judicial economy because each defendant had unique technology with specific documents, technical drawings, and witnesses. *Id*. Subsequently, in *In re Body Science LLC Patent Litigation*, the JPML centralized the cases that the court in *Body Science* severed ruling that "[c]entralization . . . will allow a single judge–as opposed to the now five judges in five districts–to preside over discovery relating to the two patents at issue (which will inform and aid the consistent construction of the patents' claims) and to consistently rule on challenges to the validity of those patents." *In re Body Science LLC Patent Litigation*, 883 F. Supp. 2d at 1345. The court's decision in *Body Science* denying consolidation before the JPML order thus does not preclude a transferee court from exercising its discretion to order pretrial consolidation in light of a JPML finding that common questions of fact exist amongst defendants alleged to have infringed the same patents.

35 U.S.C. § 299(a); *see also In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) ("Recently, Congress addressed the issue of joinder in patent cases in section 19 of the Leahy-Smith America Invents Act, which was signed into law just days after this petition was filed."). Additionally, Section 299(b) provides that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patents or patents in suit." 35 U.S.C. § 299(b).

The JPML has found that "the America Invents Act does not alter [its] authority to order pretrial centralization" as "transfer under Section 1407 and joinder under Section 299 operate[s] under decidedly different standards." *In re Bear Creek Techs., Inc. Patent Litig.*, 858 F. Supp. 2d at 1378; *see also In re Maxim Integrated Patent Litig.*, 867 F. Supp. 2d at 1335 ("While the AIA changed the landscape of patent litigation–particularly the filing of actions against multiple unrelated defendants and the right to a separate trial when defendants are only accused of violating the same patent–it does not follow that the mere possibility of factual disputes regarding a particular invalidity defense or the infringement of a particular product that might need to be presented to a jury (or juries) is sufficient to deny centralization of actions otherwise involving common factual questions.").

The UOL defendants do not take issue with the JPML's authority to order centralization of multiple unrelated defendants linked together by allegations of infringement of the same patent; rather, they argue that this court's decision to order pretrial consolidation has the improper effect that Section 299 proscribes. The UOL defendants focus on Section 299(b)'s prohibition of joinder and trial consolidation based on common allegations of infringement of the same claims against unrelated defendants. The means by which transferee courts administer

13

multidistrict litigation belie the UOL defendants' argument regarding improper joinder and trial consolidation.

First, Section 299's prohibition on joinder of unrelated defendants based on common acts of infringement does not obviate a transferee court's discretionary ability to order pretrial consolidation in multidistrict litigation. As discussed *supra* in section II, the JPML's centralization order identified common questions that supported pretrial consolidation. The coordination that the UOL defendants advocate would thwart the court's ability to manage the present litigation by transforming each case into an individual action circumventing the uniform rulings and judicial efficiency that the JPML intended when creating MDL 2371. The UOL defendants can also present any unique facts surrounding their alleged infringement after remand. *See In re Body Science LLC Patent Litig.*, 883 F. Supp. 2d at 1345; *In re Maxim Integrated Products, Inc. Patent Litig.*, 867 F. Supp. 2d at 1335.

Second, pretrial consolidation does not run afoul of Section 299(a)'s prohibition of consolidating accused infringers for the purposes of trial because the court will ultimately remand the transferred cases after the pretrial proceedings conclude, allowing those cases to proceed to trial in the courts from which they originated. *See* 28 U.S.C. 1407(b); *see also In re Bear Creek Techs. Inc. Patent Litig.*, 858 F. Supp. 2d at 1378 ("Section 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course.") (internal quotation marks omitted). The JPML has found that "Section 1407 applies to pretrial proceedings" while "Section 299 itself is silent as to the conduct of pretrial proceedings, nor does it mention Section 1407." *Id.* Accordingly, the court's order

requiring pretrial consolidation of the pending actions does not implicate Section 299's prohibition on consolidation of trials.[8]

## CONCLUSION

The UOL defendants' motion to deconsolidate [dkt. 15] is denied.

Dated: May 3, 2013          Enter: _____
                                   JOAN HUMPHREY LEFKOW
                                   United States District Judge

---

[8] The UOL defendants also rely on Senator Jon Kyl's remarks to the Senate before passing the AIA arguing that the legislative history of Section 299 demonstrates that Congress sought to curtail pretrial consolidation. Senator Kyl's remarks, however, only discussed consolidation for purposes of trial. The legislative history cited by the UOL defendants is silent as to whether Section 299 encompassed pretrial consolidation. As the face of the statute only references joinder and consolidation for trial, the court declines to extend Section 299's reach to additionally prohibit pretrial consolidation. *See Adams Fruit Co., Inc.* v. *Barrett*, 494 U.S. 638, 642, 110 S. Ct. 1384, 108 L. Ed. 2d 585 (1990) ("As a general rule of statutory construction, where the terms of a statute are unambiguous, judicial inquiry is complete.").